## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID HATCHER, #443006,                )
FRANK A. HUNT, #456031,                )
CHRIS RICHARDS, #318890,              )
ROBERT A. SUMNER, JR., #250269,    )
MICHAEL D. NICHOLSON, #476212,   )
JODY BRIDGES, #314818,                  )
TERRY CRISTAL, #31362,                  )
GREG BROOKS, #472524,                  )
and PAUL McCLAIN, #438103,          )
                                                          )
      Plaintiffs,                             )
                                                          )
vs.                                                       )          Case No. 26-cv-00755-JPG
                                                          )
MAJOR GRIMES, CAPTAIN COLLINS,  )
SGT. MOORE, SGT. BROWN,              )
CPT. STEM, GUARD HILL,                  )
RICHARD WATSON,                          )
ST. CLAIR COUNTY SHERIFF,            )
ST. CLAIR COUNTY COURTHOUSE,    )
ST. CLAIR COUNTY PUBLIC              )
DEFENDERS, KAREN CRAIG,            )
GREG NESTER, SATCHEL CONROY,   )
and MATELING TOUCH,                    )
                                                          )
      Defendants.                           )

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This case was opened on May 28, 2026, upon receipt of a Complaint signed by 9 current

or former detainees of St. Clair County Jail located in Belleville, Illinois.  (Doc. 1).  Plaintiffs bring

this group action *pro se* pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act (FTCA),

28 U.S.C. §§ 1346, 2671-2680.  In the Complaint, Plaintiffs describe miscellaneous violations of

their rights under federal law, including alleged errors in their criminal proceedings, the denial of

their right to a speedy trial, ineffective assistance of counsel, denial of court access, denial of

1

telephone calls, judicial misconduct, mail interference, unlawful detention, inadequate medical care, and retaliation, among other things. *Id*. at pp. 1-14. Plaintiffs bring claims against 14 defendants under the First, Fourth, Sixth, Eighth, and Fourteenth Amendments. *Id*.

Before any Plaintiffs can proceed with their claims, the Court will address several preliminary matters. This includes each plaintiff's obligation to pay the filing fee for this action, the group's ability to proceed with a class action, and the joinder of multiple plaintiffs and their claims in a single suit.

**A.    Filing Fee**

Plaintiffs commenced this action without pre-paying a filing fee. Each plaintiff incurred the obligation to pay a $405.00 filing fee for the action at the time the case was opened. *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997). Plaintiffs cannot avoid this obligation by filing a single complaint naming multiple plaintiffs and a single motion for leave to proceed *in forma pauperis* ("IFP motion") for all of them. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (a prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff").

Plaintiffs filed a single IFP motion. (Doc. 2). It contains incomplete information for multiple plaintiffs and illegible signatures. The Court is unable to discern who filed the motion or what information each plaintiff disclosed. Before the Court can determine whether any plaintiffs qualify for IFP status, each one must submit a separate IFP motion and a certified trust fund account statement covering the six-month period immediately preceding this action (*i.e.*, November 28, 2025 through May 28, 2026). The IFP motion (Doc. 2) shall be **STRICKEN**. Each plaintiff's deadline for filing an IFP motion and certified trust fund statement is **June 29, 2026**. *See* Order at Doc. 3. Any plaintiff who fails to file for IFP by this deadline will be dismissed. *Id*.

**Plaintiffs are WARNED that the only way to avoid the obligation to pay a filing fee is to file a motion for voluntary dismissal, in writing, on or before June 29, 2026.**

### B.    Class Action

Plaintiffs did not file a motion seeking class certification. Until they move for class certification and the Court grants their motion, there is no class action; there is merely the possibility of one. *Morland v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002). The only action is this multi-plaintiff suit. *Id*.

Even if the Court construes the Complaint as including a motion for class certification, the motion is subject to denial. Plaintiffs are proceeding *pro se*, and a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See* FED. R. CIV. P. 11; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (*pro se* prisoner plaintiff cannot represent other plaintiffs). The Court construes the Complaint as brought by separate plaintiffs.

### C.    Joinder

The Court must also consider the issue of joinder. In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Court addressed the difficulties of administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. *Id*. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." If the requirements for permissive joinder are satisfied, complaints filed by multiple plaintiffs can proceed together in the same action. *See Boriboune*, 391 F.3d at 855; FED. R. CIV. P. 20.

3

Even where the requirements for permissive joinder are satisfied, however, a district court may turn to other civil rules to manage a multi-plaintiff case. At any time, a district court may sever claims, add or drop parties, order separate trials, or issue pretrial orders. *Boriboune*, 391 F.3d at 854 (citing FED. R. CIV. P. 16, 20(b), 21, 42(b)). When making such decisions, district courts are given broad discretion. *Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001). The Seventh Circuit has stated, "this discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness" or create "prejudice, expense or delay." *Id*. (quotations and citations omitted).

The Complaint mentions miscellaneous claims brought by 9 plaintiffs against 14 defendants without offering sufficient details to determine whether they are properly joined herein. Even if the basic requirements for permissive joinder are satisfied, however, the question becomes whether the plaintiffs should proceed together in one action or separately in their own suits. Several relevant factors weigh in favor of separate suits for each plaintiff.

Plaintiffs bring claims about miscellaneous matters, including each plaintiff's criminal case, legal representation, living conditions, and detention. Different facts support each plaintiff's claims. Some claims may even exceed the scope of § 1983 and/or the FTCA. Each plaintiff will need to provide more details about which claims, defendants, and facts pertain to him or her before the Court can properly analyze these claims.

The applicable legal standard for these claims will vary. This will depend, in part, on whether each plaintiff properly pursued relief under § 1983 and/or the FTCA. In some instances, plaintiffs may need to pursue other forms of relief, such as a direct appeal, post-conviction relief in state court, or habeas relief in federal court. In other instances, plaintiffs may properly bring

4

claims under § 1983 or the FTCA, but the applicable standard for their claims will depend on their individual legal status when each claim arose (*e.g.*, arrestee, detainee, or convicted person). It is unlikely that these standards will be the same for each plaintiff.

Litigation timelines will also be different. These timelines will depend on whether an amended complaint is necessary to state a claim or whether certain affirmative defenses are raised by the defendants in their responsive pleading. For example, the Prison Litigation Reform Act requires each plaintiff to exhaust available administrative remedies before bringing suit, and failure to exhaust is an affirmative defense. *See* 42 U.S.C. § 1997e(a); *Hunter v. Allen Cty. Jail,* No. 20-cv-412-WCL-SLC, 2020 WL 6874210, at *2 (N.D. Ind. Nov. 23, 2020) (noting that each plaintiff "must separately exhaust every one of the claims he is bringing before filing suit" even if the plaintiffs have similar claims). Defendants may raise exhaustion as an affirmative defense for some plaintiffs and not others, requiring separate tracks and evidentiary hearings before a case can proceed to the merits. Plaintiffs can only defeat summary judgment on exhaustion by putting forth facts about exhaustion that are specific to the individual plaintiff.

Other hurdles to group litigation exist. Plaintiffs cannot sign and file motions on behalf of one another, even if they proceed together in a single suit. *See* FED. R. CIV. P. 11. Although the plaintiffs properly gathered signatures for the Complaint, it is much easier to do so when initiating an action and when doing so from the same place of confinement. Plaintiffs have listed their detainee numbers, their home addresses, and the jail's address. Given this, it is not clear whether they are currently housed together or in separate locations. Regardless, litigation often extends over many months or years, and individuals frequently move. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995) (convicted prisoner can be relocated at any time without notice). As plaintiffs move—within the same facility, to different facilities, or upon their release from custody—it

5

becomes more difficult to review, sign, and file pleadings together. As the case progresses, it will likely become more difficult to comply with Rule 11.

Moreover, litigation quickly becomes unnecessarily expensive and time-consuming when nine sets of claims are brought together in the same action. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are 9 plaintiffs, the postage and copying costs of filing motions, briefs, or other papers in the case will be 9 times greater than if there was a single plaintiff. Plaintiffs will incur significant costs serving every document on every party, including those plaintiffs whose signatures are not obtained. *See* FED. R. CIV. P. 5. And, if parties are not served, they will be left in the dark. Delays associated with this process are inevitable as the parties and court navigate their way through an unnecessarily complicated case.

Finally, each plaintiff will be held responsible for knowing what is filed on his behalf. If sanctions are deemed appropriate in any aspect of the case (whether directly or indirectly related to a plaintiff), each plaintiff will be subject to the sanction under Rule 11. Each plaintiff will also incur a strike, if the action is dismissed for one of the reasons stated in 28 U.S.C. § 1915(g).

Under the circumstances, the Court finds that allowing all plaintiffs to proceed together would result in unnecessary and avoidable confusion, delay, prejudice, and cost. The Court may, at any time, add or drop a party or sever a claim on just terms. *See* FED. R. CIV. P. 21; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be properly screened). . . . "). The Court finds that severance is necessary to ensure the "just, speedy, and inexpensive determination" of this case. *See* FED. R. CIV. P. 1. At the same time, severance now does not preclude consolidation later of an issue, a hearing, a trial, or otherwise. *See* FED. R. CIV. P. 42(a). It also does not preclude

6

the plaintiffs from working together or coordinating their efforts to litigate.  For now, the Court deems it necessary and appropriate to require the plaintiffs to proceed with their claims in separate suits.  The Clerk of Court will therefore be directed to open a new lawsuit for each plaintiff.

## Disposition

IT IS ORDERED that, for the reasons set forth above, each Plaintiff is required to proceed with his claims in a separate suit.  The following Plaintiffs are DISMISSED from this matter: FRANK A. HUNT, CHRIS RICHARDS, ROBERT A. SUMNER, JR., MICHAEL D. NICHOLSON, JODY BRIDGES, TERRY CRISTAL, GREG BROOKS, and PAUL McCLAIN.  The Clerk of Court is DIRECTED to TERMINATE these plaintiffs as parties to *this action* in CM/ECF.

The Clerk of Court is DIRECTED to OPEN a separate case for each plaintiff, other than Plaintiff David Hatcher, STRIKE the Motion for Leave to Proceed *in forma pauperis* (Doc. 2), and FILE the following documents in each newly severed case:

1)  The Complaint (Doc. 1); and

2)  This Memorandum and Order Severing Case.

Each Plaintiff will be responsible for paying the filing fee for his new case, and not this action, **unless** he timely advises the Court that he does not wish to proceed with the new case by filing a motion for voluntary dismissal or choosing to opt out of the severed case by **June 29, 2026**.  If he wishes to proceed without prepayment of the full filing fee of $405.00 for the newly severed case, each Plaintiff must file a Motion for Leave to Proceed *in forma pauperis* and certified trust fund statement in the newly severed case on or before **June 29, 2026**.

The **only plaintiff remaining in this action** is Plaintiff DAVID HATCHER.  The Clerk of Court is DIRECTED to modify the case caption as follows: DAVID HATCHER, Plaintiff vs.

7

**MAJOR GRIMES,** *et al.***, Defendants.**  This plaintiff must also file a properly completed IFP motion and certified trust fund statement on or before **June 29, 2026,** unless he pays the full $405.00 filing fee for this action or files a motion for voluntary dismissal by the same deadline.

Finally, each Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal for want of prosecution. FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED**.

        **DATED: 6/5/2026**

                                  **J. PHIL GILBERT**
                                  **United States District Judge**